# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50193

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAMIAN GONZALEZ,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1946-4

———————————————————————————

Before DAVIS, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Damian Gonzalez, federal prisoner #61229-380, was convicted of participating in a marihuana and money-laundering conspiracy. He appeals, *pro se*, the denial of his Rule 35 motion for reduction of sentence. We affirm.

I.

Gonzalez was convicted in 2016 of conspiracy to possess with intent to distribute marihuana over one-hundred kilograms in violation of 21 U.S.C.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50193

§ 841 and conspiracy to launder money instruments in violation of 18 U.S.C. § 1956. The district court sentenced him to 210 months.

In 2022, Gonzalez filed a Rule 35(b) motion seeking to reduce his sentence to one to five years of probation. *See* Fed. R. Crim. P. 35(b). Gonzalez claimed that a sentence reduction was appropriate because (1) he would have received a lesser sentence following the removal of hemp from the federal schedule of controlled substances;[1] (2) recent amendments to various states' marihuana laws show that the drug is innocuous; (3) he wants to support his daughter and care for his chronically ill parents; and (4) his prison record is exemplary.

The government responded by averring that only it may file motions for reduction of sentence under Rule 35(b). Gonzales, in reply, maintained that his requested relief was warranted and that his motion was procedurally proper.

The district court found that Gonzalez's motion was procedurally deficient. After observing that "both Rule 35(b)(1) and (b)(2) [are] applicable *only upon* the 'government's motion,'" the court ruled that Rule 35(b) did not permit requests for relief from non-government parties.[2] Thus, on February 16, 2023, the court entered its order denying Gonzales' motion.

Twenty days later, on March 8, Gonzales mailed his *pro se* notice of appeal, which was filed on March 16.

## II.

As a threshold matter, we address jurisdiction. Gonzalez filed his

---

[1] *See* Agriculture Improvement Act of 2018, Pub. L. 115-334, 132 Stat. 5018 (2018); 21 U.S.C. § 802(16)(B)(i).

[2] *See* Fed. R. Crim. P. 35(b)(1)–(2) ("Upon the government's motion . . . .").

notice of appeal twenty-eight days after entry of the district court's order.[3] It was therefore untimely. *See* Fed. R. App. P. 4(b)(1)(A).

Nonetheless, we are not deprived of jurisdiction. In a criminal case, the timely filing of a notice of appeal is a non-jurisdictional requirement that can be forfeited or waived. *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007). The government does not contest the timeliness of Gonzalez's notice of appeal. So that issue is forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

## III.

On appeal, Gonzalez does not challenge the district court's finding his Rule 35(b) claim procedurally deficient.[4] Instead, he contends that he actually brought a "motion for compassionate release." In other words, Gonzales asserts that, as a *pro se* litigant, his Rule 35(b) motion for reduction of sentence should be liberally reconstrued as a motion for compassionate release under 28 U.S.C. § 3582(c)(1)(A).

True, we "liberally construe [the] briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nonetheless, *pro se* litigants—like all other parties—remain subject to rules of

---

[3] The prison mailbox rule does not apply because Gonzalez's notice of appeal was not "deposited in the institution's internal mail system *on or before* the last day for filing." Fed. R. App. P. 4(c)(1) (emphasis added).

[4] Gonzalez has therefore forfeited any claim of error regarding the district court's denial of relief under Rule 35(b). *See, e.g.*, *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) ("[E]ven *pro se* litigants must brief arguments in order to preserve them."); *Welsh v. Unknown Male Shift Supervisor*, No. 23-10171, 2023 WL 6533457, at *2 (5th Cir. Oct. 6, 2023) (per curiam) (unpublished).

waiver and forfeiture.[5]  So, litigants—even *pro se* ones—may not press issues "that were not presented to the district court for its consideration in ruling on the motion."  *Grogan v. Kumar*, 873 F.3d 273, 277 (5th Cir. 2017) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992)).

Even when liberally construed, Gonzalez's motion cannot reasonably be interpreted as raising an independent claim for compassionate release under § 3582(c).[6]

*First*, Rule 35(b) is the only basis for relief expressly mentioned in either of Gonzalez's district court filings.  Indeed, his certificates of service expressly refer to his motion and reply as "Federal Rule Criminal Procedure 35(b) motion" and "F.R. Crim. P. 35 Reply Motion," respectively.  That alone, by negative implication, suggests that Gonzalez was not pursuing other potential bases for relief.[7]

*Second*, mere allusions to a potential basis for relief do not raise a claim before the district court.  Though Gonzalez's filings mention § 3582(c) twice—once in his motion and once in his reply—neither instance suggests that § 3582(c) formed an independent basis for relief:  In Gonzalez's motion, § 3582(c)(2) is mentioned merely to contextualize the court's analysis of the § 3553 sentencing factors in *United States v. Kennedy*, No. 91-473 2015 U.S. Dist. LEXIS 102511 (E.D. La. Aug. 5, 2015).  Then, at the end of his reply's discussion of the § 3553 factors, Gonzalez mentions a *different* provision—

---

[5] *See FDIC v. Mijalis*, 15 F.3d 1314, 1326 (5th Cir. 1994); *Grant*, 59 F.3d at 524–25.

[6] *Cf. Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011) ("It is the substance of the relief sought by a pro se pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing.").

[7] *Cf.* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 107 (2012) (observing widespread use of the negative-implication canon "in our daily lives").

§ 3852(c)(1)(A)—prepended with an "*e.g.*" signal.

Those two instances show that § 3582(c) was, at most, context for Gonzalez's contention that the § 3553 factors justified relief under Rule 35(b). Given that the § 3553 factors apply to all federal criminal sentencing,[8] their mere mention fails to "intimate"—much less "press"—an independent claim for compassionate release under § 3582(c). *United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009) (citation and internal quotation marks omitted).

Consequently, Gonzalez forfeited his claim for compassionate release under 28 U.S.C. § 3582(c)(1)(A) "by failing to raise it in the first instance in the district court." *Rollins*, 8 F.4th at 397; *see Grogan*, 873 F.3d at 277.

AFFIRMED.

---

[8] *See Gall v. United States*, 552 U.S. 38, 50 n.6 (2007) ("Section 3553(a) lists seven factors that a sentencing court must consider.").